HENRY J. WINDSOR v. JAMES THOMPSON.

FILED MARCH 5, 1895. No. 6119.

Review. Where the right of plaintiff to recover was not affirmatively established by the proofs in the district court, its judgment in favor of the defendant will not be disturbed in this court.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Switzler & McIntosh,* for plaintiff in error.

*Tiffany & Vinsonhaler* and *J. W. Houder,* contra.

RYAN, C.

This action was brought by the plaintiff in error for the recovery of damages caused by the failure of the firm of Miles & Thompson to return, upon his demand, certain abstracts of title furnished to and used by said firm in ascertaining the nature of plaintiff's title to certain real property, upon the faith of which afterwards a desired loan secured by mortgage on said real property had been con-

summated.   After there had been an appeal to the district
court of Douglas county John L. Miles, one of the defend-
ants, died, and thenceforward the suit was prosecuted
against James Thompson as a surviving partner.  There
was a trial to the court, without the intervention of a jury,
resulting in a judgment in favor of Mr. Thompson.

It was not alleged in the petition that any obligation of
returning the abstracts of title after consummation of the
loan devolved upon the defendants, either by express con-
tract or otherwise.  It was averred in the answer that the
abstracts in question had been furnished for the purpose
above indicated, and that, in consideration of the furnish-
ing of said abstracts and the giving of a mortgage on the
property in reference to which the abstracts had been made,
the defendants Miles & Thompson had loaned to plaintiff
the sum of $5,000, which loan by its terms did not become
payable until June 12, 1891; that on March 2, 1891, the
said defendants sold to the German Savings Bank of Dav-
enport, Iowa, the note evidencing the obligation to pay said
sum, and that the mortgage and abstracts aforesaid were as
part of the security for said loan transferred, with said
note, and at the time of filing the answer were held by
said bank.   The demand for the abstracts was alleged in
the petition to have been made of the same date as was that
of the above averred transfer to the German Savings Bank.
The evidence showed that Mr. Thompson took no part in
making the loan to plaintiff, the entire business in that re-
spect having been conducted by Mr. Miles, since deceased.
In respect to plaintiff's part in this transaction, his testi-
mony was that he did not remember whether he made a
written application for a loan or not; that he did not know
whether or not it was part of the agreement that he was to
furnish an abstract, for witness at that time was in Chey-
enne and Mr. Lander, as his agent, was attending to his
business; that Mr. Lander sent for the abstracts and plaint-
iff sent them to him, and that Lander delivered these ab-

stracts to Miles & Thompson. Owing to the death of Mr. Miles we have not the advantage of his testimony on the one hand, and, on the other hand, Mr. Lander was not sworn, so that there is no evidence whatever as to the agreement under which the abstracts were intrusted to the firm of Miles & Thompson. If the proof of general custom in Omaha as to the retention of abstracts by the party making the loan is taken into consideration, there was a decided preponderance in favor of the defendant. This testimony, however, might properly be rejected, since the trial was to the court, and in that event the sole question would be whether or not its finding was contrary to the weight of the remaining evidence. We cannot say that it was, and as plaintiff's right of recovery depends upon an affirmative showing of his right to a return of the abstracts on demand, the judgment of the district court is

AFFIRMED.